UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Charmay Pinette,<br><br>                           Plaintiff,<br><br>-against-<br><br>SLM Corporation a/k/a Sallie Mae a/k/a Sallie Mae Bank; Equifax Information Services LLC; Trans Union LLC a/k/a TransUnion; and Experian Information Solutions, Inc. | Civil Action<br>Case No.: 1:25-cv-01179<br><br>**COMPLAINT** |

Plaintiff Charmay Pinette ("Plaintiff"), by and through her attorneys, Petroff Amshen LLP, as and for her complaint against the defendants named herein (collectively, "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

    1.     Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), and New York General Business Law ("GBL") which codifies New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting duly disputed by Plaintiff.

    2.     Finding that "[t]he banking system is dependent upon fair and accurate credit reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system," Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681.

3. Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id*.

4. Relying on these protections, Plaintiff notified the Defendants of specific errors in her credit report that are negatively impacting her credit score and creating emotional distress and uncertainty regarding her ability to maintain stable housing. Being singled out due to a credit issue beyond her control heightened her sense of insecurity in her new living situation.

5. Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

**PARTIES AND VENUE**

6. Plaintiff is an individual and resident of the State of New York, County of Kings, residing at 23 Hart Street, Brooklyn, New York 11206.

7. Defendant SLM Corporation a/k/a Sallie Mae a/k/a Sallie Mae Bank ("Sallie Mae") is a corporation organized under the laws of the United States, with its principal place of business at 300 Continental Drive, Newark, Delaware 19713, and registered agent for service in New York c/o CT Corporation System, 28 Liberty Street, New York, New York 10005. Sallie Mae is one of the largest financial institutions in the United States, specializing in student loans and related financial services.

8. Defendant Equifax Information Services LLC ("Equifax") is a limited liability

company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and registered agent for service in New York c/o Corporation Service Company, 80 State Street, Albany, New York 12207-2543. Equifax is a wholly owned subsidiary of Equifax Inc. Equifax is one of the three national CRAs recognized by the FTC.[1]

9. Defendant Trans Union LLC a/k/a Transunion is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661, and registered agent of service in New York c/o The Prentice-Hall Corporation System, 80 State Street, Albany New York 12207-2543. The company is also known as "TransUnion" and shall be referred to as such herein. TransUnion is one of the three national CRAs recognized by the FTC.

10. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a wholly owned subsidiary of Experian Holdings Inc. Experian is one of the three national credit reporting agencies ("CRA") recognized by the Federal Trade Commission ("FTC").

## JURISDICTION

11. This Court has jurisdiction pursuant to 28 U.S.C § 1331, as Plaintiff's claims substantially arise under federal law.

12. Venue in this district is proper pursuant to 28 U.S.C § 1339(b), as a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and Plaintiff resides in this district.

---

[1] TransUnion, Experian, and Equifax shall be referred to collectively herein as the "Defendant CRAs."

## STATEMENT OF FACTS

13. SLM CORPORATION ("Sallie Mae") is the issuer of the Plaintiff's educational loans in two separate accounts, both which were settled on January 6th, 2025, with the Sallie Mae Recovery Department.

14. The Plaintiff is an individual consumer who discovered inaccuracies related to two accounts ("Compromised Accounts") on her credit report.

Compromised accounts:

1. Account 1 ("SM Account 1")
    1. Number: 85250004942****
    2. Payment history: The debt was settled on January 6th, 2025.
2. Account 2 ("SM Account 2)
    1. Number: 585250005467****
    2. Payment history: The debt was settled on January 6th, 2025.

15. The Plaintiff called Sallie Mae to clarify the balance on her account, which in turn they responded that her balance was cleared and both accounts were closed.

16. Plaintiff, worried about this situation, filed a Notice of Dispute to the Defendant CRAs disputing the compromised accounts. A true copy of Plaintiff's Notice of Dispute is annexed as **Exhibit A.** Despite receiving notice, the Defendant CRAs did not resolve the wrongful information, leaving Plaintiff's credit report inaccurate.

17. The Plaintiff just moved to New York City and applied to the Built-To-Rent program, to ran her credit for payment of her rent.

18. The Plaintiff was denied the program, and she had to arrange for an alternative payment method of her rent, due to the wrongful reporting on her credit report.

19. Plaintiff has suffered significantly trying to get access to the program to improve her quality of life, but her efforts have been affected by the negative impact on her credit score. Plaintiff assured that the ongoing inaccuracies in her credit report have caused significant

emotional distress because this program is used by all renters in her building, which has led to Plaintiff's frustration, anxiety and stress from the financial strain caused by the inaccuracies, compounding her existing financial challenges.

20. Plaintiff believes her credit report should accurately reflect her payment history, and the balance of the Compromised Accounts should be corrected to reflect balance $0.

**VIOLATIONS OF THE FCRA**
**(15 U.S.C. § 1681, *et seq.*)**

21. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein

22. Plaintiff is a "consumer" as defined by the FCRA *See* 15 U.S.C. § 1681a(c).

23. The Furnisher Defendants are each a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

24. The Furnisher Defendants are also each a "person" as defined by the FCR. *See* 15 U.S.C. § 1681a(b).

25. Subpart E of the regulation V, the FCRA´s implementing regulation, applies to furnishers of information including Furnisher Defendants. *See* 12 C.F.R. §§ 1022.1, 1022.40.

26. The Defendant CRAs are each a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

27. The Defendant CRAs each qualify as a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C §1681a(p).

**COUNT I**
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**

### AS TO THE DEFENDANT SALLIE MAE

28. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein. 33. The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors" See 15 U.S.C. § 1681s-2(a)(1).

29. Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." See 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

30. Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." See 15 U.S.C. § 1681s-2(a)(1)(B).

31. Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. See 15 U.S.C. § 1681s-2(b).

32. Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and

"review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." See 12 C.F.R. § 1022.42.

33. Regulation V defines "accuracy" as: [I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer. 12 C.F.R. § 1022.41(a).

34. The Furnisher Defendant reported inaccurate account information regarding Plaintiff's Compromised Accounts to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs. 35. The inaccurate information included: (i) contradictory account data; (ii) inaccurate and conflicting payment histories; (iii) missing data including positive/timely payment remarks; and despite the account being closed, it still reflects outstanding debt or balances. 36. Upon information and belief, the Furnisher Defendant each received notice of Plaintiff's Notice of Dispute regarding the accuracy of her account information as reported to the Defendant CRAs.

35. The Furnisher Defendant failed to review the information provided by Plaintiff for any additional information.

36. The Furnisher Defendant deliberate and ongoing furnishing of incomplete, inaccurate, and contradictory information regarding Plaintiff's Compromised Accounts has caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options,

payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

37. As a result of the Furnisher Defendant willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681n.

## COUNT II
### Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681o)
#### AS TO THE DEFENDANT SALLIE MAE

38. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

39. After receiving notice of Plaintiff's dispute regarding the accuracy of her account information as reported by the Defendant CRAs, the Furnisher Defendant thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to the Defendant CRAs regarding Plaintiff's Compromised Accounts, in violation of 15 U.S.C. § 1681s-2.

40. The Furnisher Defendant "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." See 15 U.S.C. § 1681s-2(a)(2).

41. The Furnisher Defendant furnished inaccurate information regarding both of the Plaintiff's Compromised Accounts to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports. The Furnisher Defendant knows, or should have

known, had they conducted the required investigation, that the information they furnished to the Defendant CRAs was inaccurate.

42. As a compiler and furnisher of consumer information concerning Plaintiff's Compromised Accounts, the Furnisher Defendant had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs, and prevent the furnishing of inaccurate information, knowing that it had purchased the debt from another creditor. See 15 U.S.C. § 1681s 2(a)(6).

43. Upon information and belief, the Furnisher Defendant have further negligently persisted in reporting inaccurate information to the Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

44. Accordingly, the Defendant CRAs have continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

45. The Furnisher Defendant negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's Compromised Accounts has caused Plaintiff to suffer damage including loss and reduction of credit, damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

46. As a result of the Furnisher Defendants negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees

and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

### COUNT III
### Willful Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681n)
### *AS TO THE DEFENDANT CRAS*

47. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

48. "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" 15 U.S.C. § 1681e(b).

49. The Defendant CRAs received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

50. Despite receipt of the foregoing, the Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's Compromised Accounts.

51. Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff or the Furnisher Defendant for any additional information that would assist in a reasonable investigation.

52. Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and

other costs to retain professionals to assist with credit recovery, and other actual damages.

53. The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

54. As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

## COUNT IV
**Negligent Failure to Assure Accuracy of Consumer Information in Credit Report
(15 U.S.C. §§ 1681e(b), 1681o)**
*AS TO THE DEFENDANT CRAS*

55. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

56. Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, the Defendant CRAs failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Compromised Accounts and affecting her renting agreement.

57. Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

58. As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## COUNT V
### Willful Failure to Assure Accuracy of Consumer Information in Credit File
### (15 U.S.C. §§ 1681i, 1681n)
### *As To The Defendant CRAs*

59. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein

60. "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency [...] of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A)

61. This investigation must be completed within thirty (30) days of the Defendant CRAs' receipt of the Notice of Dispute. *See id.*

62. The Defendant CRAs must also provide notice of dispute to any furnisher of the disputed information, within five (5) business days of receipt.

63. "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

64. Within five (5) business days of completing a reinvestigation, the Defendant CRAs must provide the consumer with written notice of the results and additional statutory notices.

65. Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's Compromised Accounts.

66. Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

67. Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

68. The Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

69. The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

70. As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages,

and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

### COUNT VI
### Negligent Failure to Assure Accuracy of Consumer Information in Credit File
### (15 U.S.C. §§ 1681i, 1681o)
*AS TO THE DEFENDANT CRAS*

71. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

72. Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's Compromised Accounts.

73. The Defendant CRAs failed to provide notice of Plaintiff's disputes to the furnisher of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

74. The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or the furnisher of the disputed information, for any additional information that would assist in a reasonable investigation.

75. The Defendant CRAs failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

76. This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

77. As a result of the Defendant CRAs' negligent conduct in violation of the FCRA,

Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

### VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

78. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

79. Section 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

80. Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

81. The Furnisher Defendants are each a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

82. The Defendant CRAs are each a "consumer reporting agency" within the meaning of the NYFCRA. *See* GBL § 380-a(e).

### COUNT VII
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (N.Y. Gen. Bus. Law § 380-o)
*AS TO THE FURNISHER SALLIE MAE*

83. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

84. The NYFCRA prohibits the knowing and willful introduction or attempt to introduce false information into a consumer reporting agency's files. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

85. As a result of the Furnisher Defendant knowing and willful introduction of false information regarding Plaintiff's Compromised Accounts into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit,

damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages including emotional distress and affecting her  housing payments .

86. As a result of the Furnisher Defendant foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

## COUNT VIII
### Failure to Investigate and Resolve Consumer Dispute
### (N.Y. Gen. Bus. Law §§ 380-f, 380-m)
### *As To The Defendant CRAs*

87. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

88. Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

89. If, after conducting the re-investigation, the Defendant CRAs can no longer verify an item, or confirms an error, the Defendant CRAs must, among other things, (i)

"promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports"; and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

90. Further "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, the Defendant CRAs shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

91. Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of GBL § 380-f.

92. The Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

93. Upon information and belief, the Defendant CRAs further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

94. As result of Defendant's wrongful actions, Plaintiff has suffered significant and ongoing damages, including but not limited to: loss and reduction of credit, increased debt obligations, higher interest rates, and unfavorable terms on any available credit options. Additionally, Plaintiff has incurred substantial financial harm, including the need to pay attorneys' fees and other professional costs to assist with credit recovery, As a direct consequence of this unjustified denial, Plaintiff has faced additional economic burdens, including limited access to housing opportunities, diminished financial

flexibility, and increased financial strain.

95. Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

96. The Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff respectfully demands judgement awarding all actual, statutory, and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
March 3, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff*
Charmay Pinette

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq. (SP9522)
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com